Corrigan, J.
(concurring). I concur in the order denying defendant’s application for leave to appeal. Nevertheless, I write separately to reiterate my view that the judicial branch lacks the authority to implement the entrapment defense. Because our judicially crafted entrapment defense is without constitutional foundation, it should be abrogated. Consequently, I would conclude that not only does the entrapment issue set forth by defendant lack merit, it also lacks a valid legal foundation.
Defendant was charged with conspiracy to deliver less than 60 grams of cocaine[1] and delivery of less than 50 grams of cocaine.[2] Additionally, defendant was given notice of possible sentence enhancement under both the habitual offender statutes[3] and the Public Health Code.[4] Defendant moved to dismiss the charges, arguing that he had been entrapped. After an evidentiary hearing, the trial court concluded that entrapment was not established under the test set forth in People v Johnson, 466 Mich 491 (2002). Immediately thereafter, defendant entered an unconditional guilty plea to the conspiracy charge. In exchange, the prosecutor dismissed the remaining charge and the sentence enhancement notices. Defendant subsequently filed a delayed application for leave to appeal in the Court of Appeals, which the Court denied for lack of merit in the grounds presented.
While I generally concur with the Court of Appeals that the entrapment issue raised by defendant lacks merit, I further believe that the entrapment defense itself lacks a valid legal foundation. Indeed, “[o]nce a ‘defendant has engaged in conduct constituting all the elements of a criminal offense, as defined by the Legislature,’ this Court does not then have the authority to conclude that the Legislature did not intend that the defendant be punished or that the prosecution should be barred as a matter of policy.”[5] Accordingly, for the reasons stated in my dissenting statement in People v Maffett, 464 Mich 878 (2001), as well as my concurring in part and dissenting in part opinion in People v Claypool, 470 Mich 715 (2004), I remain convinced that our judicially crafted entrapment defense is without constitutional foundation and should be abrogated. Moreover, although I agree with the order denying defendant’s application in this case, I would not oppose a grant of leave to *1110 appeal to consider the argument that entrapment is a non-jurisdictional affirmative defense that should be considered waived by an unconditional guilty plea and, as a corollary, whether People v White, 411 Mich 366 (1981), was correctly decided.[6]
For these reasons, I concur in the order denying defendant’s application for leave to appeal, but I also reaffirm my view that the ongoing recognition of the entrapment defense by the judiciary amounts to an unconstitutional usurpation of executive and legislative powers.

 MCL 333.7401(2)(a)(iv); MCL 750.157a.

 MCL 333.7401(2)(a)(iv).

 MCL 769.12.

 MCL 333.7413(2).

 People v Claypool, 470 Mich 715, 735-736 (2004), quoting People v Maffett, 464 Mich 878, 895 (2001).

 Chief Justice Kelly is correct that the “issue of the constitutionality of the entrapment defense was never raised in this Court.” Post at 1110. A review of the record reveals, however, that the prosecutor did raise this issue before the Court of Appeals. The prosecutor specifically argued that when properly understood as a non-jurisdictional defense, entrapment “should be considered waived” by an unconditional guilty plea. Indeed, the prosecutor expressly raised this issue “for purposes of issue preservation.”